**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

THORMAN BURNS                        CIVIL ACTION NO. 20-1496

VERSUS                               JUDGE S. MAURICE HICKS, JR.

GUARDIAN LIFE INSURANCE               MAGISTRATE JUDGE HORNSBY
COMPANY OF AMERICA

## MEMORANDUM ORDER

Before the Court is a Motion to Dismiss filed by Defendant Guardian Life Insurance

Company of America ("Defendant") (Record Document 5). No opposition has been filed

by Plaintiff Thorman Burns ("Plaintiff"). For the following reasons, the Motion is

**GRANTED**.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff obtained a group-plan life insurance policy ("the policy") for his wife issued

by the Defendant through Plaintiff's employer, Murphy Brothers Trucking and

Construction, LLC. The couple divorced, and Plaintiff's former wife died on October 5,

2019. Plaintiff filed a claim with the Defendant to recover the benefits from the policy, but

the Defendant denied the claim on November 25, 2019. Plaintiff then instituted a Petition

for Payment of Life Insurance Benefits on October 2, 2020, in the Second Judicial District

Court in Bienville Parish, Louisiana, to collect on the policy. See Record Document 1-1.

The Defendant removed the case to this Court pursuant to 28 U.S.C. §§ 1331, 1441, and

1446.

Plaintiff contends the Defendant wrongly denied his claim and breached their

contract. He believes he is entitled to the entire value of the dependent life insurance

benefits plus interest in accordance with La. R.S. 22:908 and "all sums reasonable." The

Defendant moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that because Plaintiff's claims are governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), they are preempted. See Record Document 5.

## LAW AND ANALYSIS

A plaintiff's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Fed. Rule Civ. P. 8(a)(2). The standard for the adequacy of complaints under Federal Rule of Civil Procedure 8(a)(2) is one of "plausibility." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955 (2007). A court does not evaluate a plaintiff's likelihood for success, but instead determines whether a plaintiff has pleaded a legally cognizable claim. See Thompson v. City of Waco, Tex., 764 F.3d 500, 503 (5th Cir. 2014).

Notably, the Defendant removed Plaintiff's original suit to federal court based on federal question jurisdiction. Generally, it is the Plaintiff's complaint which must establish that a case "arises under" federal law. See Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149, 29 S.Ct. 42 (1908). However, an exception to this "well-pleaded complaint rule" exists in cases where "a federal statute wholly displaces the state-law cause of action through complete preemption." Beneficial Nat. Bank v. Anderson, 539 U.S. 1, 8, 123 S.Ct. 2058 (2003). The Defendant contends that because Plaintiff's claims are preempted by ERISA, they are properly before this Court.

Firstly, the Court agrees with the Defendant that the policy from which Plaintiff seeks to recover is part of his employer-sponsored group benefit plan governed by

ERISA. Plaintiff's employer regularly files Form 5500s with the United States Department of Labor identifying the plan as being governed by ERISA, and the certificate for the policy references Plaintiff's rights under ERISA as the policy holder. See Record Documents 1-2, 1-3.

The question of whether Plaintiff's claims are preempted is two-fold. ERISA supplies two kinds of preemption: complete preemption under § 502(a), 29 U.S.C. § 1132(a), and conflict preemption under § 514, 29 U.S.C. § 1144(a). Complete preemption occurs when a federal statute displaces a state-law cause of action essentially restating it as a federal cause of action. See Aetna Health Inc. v. Davila, 542 U.S. 200, 207-211, 124 S.Ct. 2488 (2004). Courts have consistently found that ERISA's civil enforcement provision in § 502(a) creates such a preemptive effect for any cause of action that falls within the provision's "scope." Trahan v. Metropolitan Life Insurance Co., No. 15-2803, 2016 WL 3443658, at *6 (5th Cir. 2016). A cause of action is "within the scope" when a plaintiff could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty implicated by the defendant's actions. See id.

Specifically, Plaintiff asserts a claim for breach of contract to obtain the unpaid benefits from the policy. However, according to § 502(a)(1)(B), Plaintiff could have brought his claim for unpaid benefits under ERISA.[1] Furthermore, Plaintiff's claim for unpaid benefits does not arise independent from the ERISA plan or its terms. Because Plaintiff's state-law breach of contract claim requires consideration and interpretation of the terms of his ERISA group plan, it falls within the scope of ERISA § 502(a)(1)(B) and

---

[1] Section 502(a)(1)(B) permits a civil action to be brought by a participant or beneficiary of the policy "(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;" 29 U.S.C.A. § 1132.

is completely preempted. See Davila, 542 U.S. at 210, 124 S.Ct. 2488 (holding that a claim which involves a duty derived from and established by the contracted plan at issue is governed and preempted by ERISA).

ERISA also provides for express or conflict preemption under § 514(a), which states that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan…." 29 U.S.C. § 1144(a). Any state-law cause of action that "duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore preempted." Davila, 542 U.S. at 208, 124 S.Ct. at 2495.

The Court applies a two-pronged test to determine whether a state law relates to an employee health benefit plan for the purposes of ERISA preemption. First the Court asks "whether the state law claims address areas of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan," and then turns to whether "the claims directly affect the relationship among the traditional ERISA entities—the employer, the plan, and its fiduciaries, and the participants and the beneficiaries." Trahan, 2016 WL 3443658, at *7 (quoting King v. Bluecross Blueshield of Alabama, 439 Fed. Appx. 386, 389 (5th Cir. 2011) (internal quotations and citation omitted)).

Plaintiff's claim to recover interest and "all sums reasonable" under La. R.S. 22:908[2] is founded upon his claim for unpaid benefits which affects the traditional ERISA entities. The interest claim, "centers upon whether [P]laintiff had a right to receive benefits under the terms of an ERISA plan," and courts have consistently found such a claim to

---

[2] La. R.S. 22:908 has undergone many changes in code title, enacted first as La. R.S. 22:657, then La. R.S. 22:1821, before ultimately finding its place under La. R.S. 22:908. The substance of the relevant section, however, has remained mostly unchanged as it pertains to the present issue.

be preempted. <u>Trahan</u>, 2016 WL 3443658, at *7 (citing <u>Ponstein v. HMO Louisiana, Inc.</u>, No. 08-663, 2009 WL 1309737 (E.D. La. 05/11/09)). As result, the Court finds Plaintiff's claims to recover interest and "all sums reasonable" are expressly preempted.

**CONCLUSION**

For the foregoing reasons,

**IT IS ORDERED** that the Motion to Dismiss Plaintiff's Complaint filed by the Defendant (Record Document 5) is **GRANTED**.

**IT IS FURTHER ORDERED** Plaintiff's claims for unpaid benefits, interest, and all sums reasonable are preempted by ERISA and are hereby **DISMISSED**.

A judgment consistent with the terms of the instant Memorandum Order shall issue herewith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 6th day of July, 2021.


_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT